SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:11-cv-00720 |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| NEWSBLAZE LLC, a California limited-liability company; and ALAN GRAY, an individual, | |
| Defendants. | |

        Righthaven LLC ("Righthaven") complains as follows against Newsblaze LLC ("Newsblaze") and Alan Gray ("Mr. Gray"; collectively with Newsblaze known herein as the "Defendants") on information and belief, and at all times relevant to this lawsuit, unless otherwise specifically indicated herein to the contrary:

## NATURE OF ACTION

        1.        This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

**PARTIES**

2.      Righthaven is a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is in good standing with the Nevada Secretary of State.

4.      Newsblaze is a California limited-liability company.

5.      Newsblaze is identified by the current registrar, Wild West Domains, Inc. ("Wild West Domains"), as the registrant of the Internet domain found at <newsblaze.com> (the "Domain").

6.      Newsblaze is identified by Wild West Domains as an administrative contact and technical contact of the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

7.      Mr. Gray is identified by Wild West Domains as an administrative contact and technical contact of the Domain.

8.      Mr. Gray is identified as the "President and Publisher" of the Website, attached hereto as Exhibit 1, on the Website.

9.      Newsblaze is the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice displayed on the Website: "Copyright © 2004 - 2011 NewsBlaze LLC".

**JURISDICTION**

10.     This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

11.     Righthaven is the owner of the copyright in the literary work entitled, "Wife's health eases tension on Guerrero" (the "Work"), attached hereto as Exhibit 2.

12.     On or about March 8, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13.    The Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

14.    The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

15.    The Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

16.    The Defendants knew that the Infringement was and is of specific interest to Nevada residents.

17.    The Infringement, as publically displayed on the Website, was and is accessible in Nevada.

18.    The Infringement occurred and continues to occur in Nevada.

19.    The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.


**VENUE**

20.    The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

21.    The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.


**FACTS**

22.    The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

23.    Righthaven is the owner of the copyrights in and to the Work.

24.    The Work was originally published on March 6, 2011.

3

25.     On or about April 29, 2011, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-602631518, and attached hereto as Exhibit 4 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

26.     On or about March 8, 2011, the Defendants displayed, and continue to display, the Infringement on the Website.

27.     The defendants did not seek permission, in any manner, to reproduce, display or otherwise exploit the Work.

28.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

29.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

31.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

32.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

33.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

34.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

35.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

36.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

37.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

38.     Newsblaze has willfully engaged in the copyright infringement of the Work.

39.     Mr. Gray has willfully engaged in the copyright infringement of the Work.

40.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain used to store, disseminate and display the unauthorized versions of any and all copyrighted works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this _____ day of April, 2011.

RIGHTHAVEN LLC

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*