J. Malcolm DeVoy IV (Nevada Bar No. 11950)
jmd@Randazza.com
RANDAZZA LEGAL GROUP
7001 W. Charleston Boulevard, #1043
Las Vegas, Nevada 89117
Telephone: (888) 667-1113
Facsimile: (305) 437-7662
Randazza.com

Attorney for Defendants,
*NewsBlaze LLC and*
*Alan Gray*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited-liability company<br><br>Plaintiff,<br><br>vs.<br><br>NEWSBLAZE LLC, a California limited liability company; and Alan Gray, an individual,<br><br>Defendants. | Case No.: 2:11-cv-00720<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants NewsBlaze LLC, and Alan Gray (collectively, "NewsBlaze," or the "Defendants"), by and through their counsel, hereby respond to Plaintiff Righthaven, LLC's (hereinafter "Righthaven['s]," or the "Plaintiff['s]") Motion to Amend Complaint (Doc. # 16) filed on July 19, 2011.

**I. Introduction**

Plaintiff filed this lawsuit against the Defendants on May 5, 2011, which NewsBlaze has moved to dismiss for lack of subject matter jurisdiction (Doc. # 6). Since filing its Complaint (Doc. # 1), Righthaven has attempted to change the Strategic Alliance Agreement ("SAA") (Doc. # 13-15, 17) operative at the time of filing not once, but twice. The first change came on May 9, 2011, in the form of a Clarification and Amendment to the SAA (the "Clarification") (Docs. #

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 1 -

14-15). Then again, on July 7, 2011, Righthaven again attempted to alter the SAA, executing its second and latest change to the SAA, the Restated and Amended SAA (the "Restatement") (Doc. # 17-1).

After executing these documents, Righthaven now seeks leave to amend its Complaint (Doc. # 16). As comments from Judge Mahan in the July 27, 2011 hearing in Righthaven LLC v. Pahrump Life et al., illustrate, though, Righthaven has essentially amended its complaint already – twice now – with by changing its underlying SAA.

Courts analyze five factors when considering whether to give leave to amend a complaint, and two of them – futility and prejudice – are each sufficient on their own to thwart amendment. In this case, not just one of these elements are present, justifying this Court in denying Righthaven's motion for leave to amend, but both are. Righthaven's Restatement does not change the facts that existed at the time it filed its lawsuit and, even if it did, the Restatement would not cure what ails the SAA – and Righthaven would still not have standing to pursue this litigation. The problem besetting Righthaven is not the allegations within its Complaint, but the facts underlying it at the time it was filed, which cannot be cured by amendment pursuant to Fed. R. Civ. P 15.

Additionally, briefing on the dismissal of Righthaven's Complaint has already been completed. Righthaven's amendment of its Complaint, if permitted, would serve no legally valid purpose, as the facts existing at the time of filing are fixed, and only force NewsBlaze to incur further expense in defending this litigation. The issue at bar is simple, and one that has been resolved repeatedly – against Righthaven – in a steady flow of Orders and Judgments emanating from this District.

**II. Legal Standards**

A plaintiff's right to amend its Complaint is not absolute under Rule 15. Courts consider four factors when evaluating a plaintiff's motion to amend its Complaint: 1) undue delay, 2) bad faith, 3) futility of amendment, or 4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[w]hen considering a motion for leave to amend, a district court must consider

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic"); *Hurn v. Retirement Fund Trust of Plumbing, Etc.*, 648 F.2d 1252, 1254 (9th Cir. 1981).  Where there is futility to amendment, or undue prejudice to the opposing party, either of those factors alone justify courts' denial of a motion to amend. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Leave to amend is denied when it is clear that the amendment will not cure the Complaint of its deficiencies. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Fin. Pac. Ins. Co. v. Cruz Excavating, Inc.*, Case No. 2:10-cv-00707-RCJ-VPC, *2011 U.S. Dist. LEXIS 80335* at *7 (D. Nev. July 21, 2011).  In such circumstances, amendment would be futile.

Similarly, prejudice to an opposing party is a standalone reason to deny amendment of a plaintiff's Complaint. *Eminence*, 316 F.3d at 1052; *Bonin*, 59 F.3d at 845.  Such prejudice is found when an amendment would unfairly disadvantage the defendant. *Heyl and Patterson Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981), *accord Anderson v. Deutsche Bank Nat'l Tr Co.*, Case No. 2:10-cv-02242-RLH-GWF, *2011 U.S. Dist. LEXIS 75282* at *12-13 (D. Nev. July 12, 2011) (denying amendment due to prejudice that would occur to defendant if plaintiff were allowed to impose further delay and financial loss on defendant).  Where prejudice to the opposing party exists, courts decline to grant leave to amend the Complaint. *Heyl and Patterson*, 663 F.2d at 426; *Anderson*, 2011 U.S. Dist. LEXIS 75282 at *12-13.  Finally, when there is "a strong showing of any of the remaining [...] factors," a court's denial of a motion for leave to amend is also justified. *Eminence*, 316 F.3d at 1052.

**III. Argument**

Righthaven's Amended Complaint brings nothing to this litigation but added expense and more paper.  When the Complaint was filed on May 5 (Doc. # 1), Righthaven's specious acquisition of copyright rights was governed by the SAA.  Righthaven's subsequent execution of a Clarification and Restatement do not reach back in time and give it standing at the time this suit was filed.  The facts at the time of filing are the only facts Righthaven gets and, despite persistently arguing to the contrary, no Court has found these later-executed changes to affect

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven's standing at the time it filed suit. *Righthaven, LLC v. Mostofi*, No. 2:10-cv-01066-KJD-GWF, *2011 WL 2746315* (D. Nev. July 13, 2011); *Righthaven LLC v. DiBiase,* No. 2:10-cv-01343-RLH, *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven LLC v. Barham,* No. 2:10-cv-02150-RLH, *2011 WL 2473602* (D. Nev. June 22, 2011); *Righthaven LLC v. Hoehn*, No. 2:11-cv-00050-PMP, __ F. Supp. 2d __, *2011 WL 2441020* at *6 (D. Nev. June 20, 2011); *Righthaven LLC v. Democratic Underground, LLC,* No. 2:10-cv-01356-RLH, __ F. Supp. 2d __, *2011 WL 2378186* at *5 (D. Nev. June 14, 2011).

Despite the new language in Righthaven's Proposed Amended Complaint, none of these new allegations change that the SAA was in effect at the time the suit was filed and governed what copyright rights Righthaven acquired from Stephens Media – namely, none.  Even if the Amended Complaint and Restatement miraculously changed the facts that existed at the time Righthaven filed suit, they still would not be sufficient to confer Righthaven with standing to bring this lawsuit.  Righthaven's SAA is fundamentally compromised, and all of the new language Righthaven piles atop it cannot erase its prior iterations, which made clear that Righthaven was never supposed to have more than the bare "right" to sue.  Even now, with new language to paper over this reality, evinced by Righthaven's conduct, prior SAA versions, and its own Operating Agreement (Exh. A), that is all Righthaven has.  Changing the language of the Complaint at this late date will not revive this lawsuit.

Additionally, Righthaven waited until after NewsBlaze filed a Motion to Dismiss – and Righthaven filed its Opposition – to seek leave to amend (Docs. # 6, 13-15, 17).  NewsBlaze has since filed its reply briefing (Doc. # 18).  Because of the futility of this amendment, none of the issues addressed in NewsBlaze's Motion to Dismiss would be materially affected, yet it would be rendered moot by an Amended Complaint.  NewsBlaze would then have to incur the expense of moving to dismiss the Amended Complaint, and contending with whatever other tricks Righthaven would produce during that time – perhaps yet another revision to the SAA, or another Amendment to its Complaint.  None of this would do anything to change the facts of this case as they existed on May 5, 2011, but would allow Righthaven to continue to twist a knife in the side of NewsBlaze, as the undersigned avers that the Defendants have already incurred

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

several thousand dollars in legal fees in the course of this dispute. Allowing Righthaven to amend its Complaint will drag out a dispute that should be resolved immediately in NewsBlaze's favor, like so many other identical cases have been, but that Righthaven seeks to extend as punishment for NewsBlaze daring to defend itself, rather than pay an extortive settlement premised on copyrights Righthaven doesn't even own.

### A. Righthaven's Proposed Amended Complaint Does Not Save its Case from Dismissal, and Should be Denied as Futile.

Righthaven's proposed amendments to the Complaint do not create new allegations of facts, or cure deficiencies in pleading, but attempt to re-write the actual *facts* as they existed at the time of filing suit. Every court to consider this issue, from the Supreme Court to this Court's colleagues within the District, have held that this is impermissible. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5. Facts as they exist at the time of filing are fixed, and while amendments may change the way the facts are pled, and give rise to new causes of action (e.g., adding an intentional infliction of emotional distress claim into a complaint for personal injuries), they cannot change the facts at the time suit is filed. *Lujan*, 504 U.S. at 560; *Newman-Green*, 490 U.S. at 830; *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5.

In this case, Righthaven argues that an agreement signed in July – superseding a similar agreement also effected after the filing of this Complaint – governs a transaction that occurred before May 5, 2011 (See Docs. # 1, 14-15, 17). Righthaven's allegations in its proposed Amended Complaint do not address pleading deficiencies, but rather attempt – and fail – to remedy the gaping factual holes that deny it standing to even bring this lawsuit. Allowing Righthaven leave to amend its Complaint will not change the fact that the specious "rights" it possessed at the time of filing were, and are today, governed by the defective SAA. *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5 (finding that a later-executed Clarification did not change the relationship of Righthaven and Stephens Media, or the copyright rights acquired by Righthaven, at the time of filing).

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

The precedent controlling such circumstances is clear, and amendments that do not fix the problems contained within the initial Complaint are impermissible. *DeSoto*, 957 F.2d at 658. In fact, such futility is an independent basis for denying leave to amend a Complaint. *Id*. Here, Righthaven's proposed amendments impermissibly attempt to change the facts as they existed at the time of filing. As seen in a raft of other decisions from this District, though, this is ineffective.[1] All that will be accomplished by Righthaven's amendment is a delay in reaching this case's inevitable dismissal due to Righthaven's lack of standing. In the interim, the defendant and Court will be subject to additional, needless motion practice over an issue that has been resolved several times already.

The undersigned is aware of only one case Righthaven has cited as supporting its ability to reach back in time and obtain standing with a retroactive transfer, *Northstar Financial Advisers, Incorporated v. Schwab Investments et al.*, Case No. C 08-4119, *2009 WL 415616* (N.D. Cal., Feb. 19, 2009). During the July 27, 2011 hearing in *Righthaven LLC v. Pahrump Life et al.*, Case No. 2:10-cv-01575 (Doc. # 63) (D. Nev. July 29, 2011), Righthaven's New York counsel extensively argued that this case should allow Righthaven to have a retroactive transfer of rights through its Restatement. This position is a plain misreading of the case, which has no application in this dispute or any other Righthaven case.

In *Northstar*, the court dismissed the plaintiff's claim for lack of standing because there had been no assignment of rights necessary to sue – or any attempt thereof - and granted the plaintiff leave to amend after it had been assigned sufficient rights. *Id*. That is a far cry from the facts at issue in this case and every other Righthaven suit. Here, Righthaven attempted to acquire rights through the SAA before filing suit. The SAA failed to convey these rights, and Righthaven enacted a Clarification that would also fail to convey those rights before entering into the Restatement at issue here. *Hoehn*, *2011 WL 2441020* at *6. Even though Northstar was able to acquire an assigned right to sue for a financial claim – a creature different from copyright claims in many ways – after dismissal, its Complaint was dismissed nonetheless. *Id*. Given the

---

[1] See *Mostofi*, 2011 WL 2746315; *DiBiase*, 2011 WL 2473531; *Barham*, 2011 WL 2473602; *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5.

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

significance of that case, the *Northstar* court essentially gave the plaintiff a mulligan, dismissing its action so it could start anew, in earnest. Righthaven twists the holding of *Northstar* to argue that it should be able to re-write history in order to stay in court. No case supports that proposition, and neither does *Northstar*.

Even assuming that Righthaven could go back in time and somehow make its Clarification and Restatement part of the SAA that was in place when it acquired the supposed "rights" upon which it bases this suit, an Amended Complaint specifying that fact would be ineffective to create standing. Simply put, and more thoroughly analyzed in NewsBlaze's Motion to Dismiss Reply briefing (Doc. # 18), the Restatement amounts to nothing more than a layer of paint on a structure with a bad foundation (the SAA) and shoddy construction on top of it, in failed attempt to remediate the foundational flaws (the Clarification). *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5. Accordingly, the Restatement, like every other attempt by Righthaven to sue on copyrights it does not own, does not it with confer standing.

Righthaven's Restatement has internal inconsistencies that, once again, fail to confer it with true ownership of the copyrights at issue (Doc. # 18). Moreover, the Restatement – Righthaven's latest attempt at memorializing the true and full intent of Righthaven and Stephens Media – contradicts the SAA and Clarification (Doc. # 6 Exhs. A and B), that the Restatement incorporates and is based upon, which were also supposedly the true and full intent of the parties. Which version of the truth is the right one? The latest one, which expressly was concocted after a series lawsuits based on prior agreements representing the parties' true intent were dismissed (Doc. # 17-1 at 1-2)?

Even accepting the Restatement's contention that it represents the true and full intent of the parties, which on its own would require an act of extreme charity, this latest version of the truth is belied by Righthaven's operating agreement and course of action to date. The Righthaven operating agreement, properly of the record in *Righthaven LLC v. Pahrump Life et al.*, Case No. 2:10-cv-01575 (Doc. #32-2) (D. Nev. May 20, 2011) and attached as Exhibit A, clearly states that the organization's purpose is to register copyrights for the purpose of

- 7 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1  infringement litigation. (Exh. A at 9-10 § 3.2.)  This agreement clearly contemplates a license-back arrangement that further reveals Righthaven's lack of true copyright ownership in any sense. (*Id*. at 9 § 3.2(d).)  Finally, Righthaven's use of its supposedly owned copyrights, to date, amounts to nothing more than litigation for infringement occurring before they even belonged to Righthaven.  In its 275 lawsuits, Righthaven has not produced any evidence of how it uses its copyrights otherwise, and the undersigned is not aware of any actions by Righthaven to license or distribute the content it supposedly owns.

By both action and design, Righthaven is nothing more than a conduit for litigation. Allowing it to amend its Complaint will not change that fact, nor will it change the facts existing at the time of bringing suit, which have been held – over and over – to deny Righthaven standing.  Allowing amendment will not cure this flaw, but will allow Righthaven to continue operating as an unlawful lawsuit mill and engaging in antics that have made it a national embarrassment to Nevada.[2]

### B. Righthaven's Proposed Amended Complaint Prejudices NewsBlaze, and Serves Only to Delay the Court's Dismissal of this Case.

If Righthaven's Motion for Leave to Amend (Doc. # 16) is granted, the consequences for NewsBlaze will be financially destructive.  Beyond the sunk cost of futile negotiations with Righthaven, NewsBlaze will again have to brief the dismissal of this case, but as it pertains to the Amended Complaint – a document whose changes are purely stylistic, and have no legal significance.  Nonetheless, the pending, completed briefing regarding the dismissal of the pending Complaint will be mooted (Docs. # 1, 6, 13-15, 17, 18), and NewsBlaze will have to

---

[2] *See* Mike Masnick, *Righthaven Fails To Pay Sanctions; Complains A Day Late*, Techdirt (Aug. 4, 2011), http://www.techdirt.com/articles/20110803/17244115383/righthaven-fails-to-pay-sanctions-complains-day-late.shtml (*last accessed* Aug. 4, 2011) ("What amazes me is how incredibly tone deaf Righthaven appears to be to the repeated smackdowns it is getting from judges and how weak its legal position is. […] It seems like Righthaven still thinks that these rulings aren't that big of a deal"); Nate Anderson, *Righthaven, Still Angering Judges, Finally Pays Cash For Its Mistakes*, Ars Technica (Aug. 3, 2011), http://arstechnica.com/tech-policy/news/2011/08/righthaven-still-angering-judges-finally-pays-for-its-mistakes.ars (*last accessed* Aug. 4, 2011) ("Not that it *wants* to pay [sanctions and attorney's fees awards issued against it]. Righthaven has been hit with both fee awards and sanctions in various cases, and it has resorted to such desperate stratagems to avoid payment that the Nevada federal judge overseeing many of its cases is fed up") (emphasis in original); *see also Democratic Underground*, Case No. 2:10-cv-01356 (Docs. # 143-148) (D. Nev.).

- 8 -

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

start over again, incurring additional months of legal fees, waiting, and bracing to see what new and legally ineffective surprises Righthaven will conjure up in the meantime – potentially restarting the dismissal cycle yet again.

None of this does anything but delay the inevitable dismissal of this action. The types of costs Righthaven seeks to impose on NewsBlaze for pursuing its litigation have been held to constitute undue prejudice in the past, and a sufficient basis for denying leave to amend. *Heyl and Patterson*, 663 F.2d at 426; *Anderson*, 2011 U.S. Dist. LEXIS 75282 at *12-13. This case should be no different, and Righthaven should be denied the opportunity to further harass NewsBlaze with an Amended Complaint that does nothing to change Righthaven's underlying lack of standing.

Ultimately, this suit is at Righthaven's election. Nobody but Righthaven is responsible for its filing of this suit before it effected its Clarification and Restatement, but the law clearly prohibits it from making those changes retroactive. *Hoehn*, 2011 WL 2441020 at *6; *Democratic Underground*, 2011 WL 2378186 at *5. Further victimizing NewsBlaze by making it pay for the costs of Righthaven's poor planning and bungling attempts to create the rights needed to stay in court will only reward Righthaven for bringing lawsuits that shouldn't exist in the first place, and breathe additional life into its pending "zombie" lawsuits, which are dead on arrival once courts reach their merits. *See Id*.

While this prejudice to NewsBlaze is sufficient basis on its own to deny Righthaven's Motion for Leave (Doc. # 16), it also demonstrates that Righthaven's Motion is made solely to undly delay the litigation, is a dilatory tactic to bleed NewsBlaze of resources, and is made only in bad faith. These are also conditions that, when demonstrated, preclude amendment of a plaintiff's complaint. *Eminence*, 316 F.3d at 1052; *Chodos*, 292 F.3d at 1003. Righthaven surely knows that amending its complaint will moot the pending briefing. *See Righthaven LLC v. Allec et al.*, Case No. 2:11-cv-00532 (Docs. # 15) (D. Nev. Aug. 3, 2011) (denying motion to dismiss as moot in light of plaintiff's filing of an amended complaint, which defendant was forced to move to dismiss anew). Similarly, Righthaven knows that this circumstance will force NewsBlaze to move to dismiss the amended Complaint, *see id*., and buy it more time to continue

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

its habit of trying to impermissibly change the SAA *nunc pro tunc*, creating yet more expense and delay in the resolution of its cases. (*See* Docs. # 14, 15 at 17).

The undersigned respects zealous and cunning advocacy, but procedural gamesmanship performed solely to delay, obfuscate and confound an opposing party is anything but: It is bad faith.  In light of Righthaven's conduct, through constantly changing its SAA (albeit ineffectively) and initially concealing the pecuniary interest of Stephens Media in this litigation, it does not require any stretch of the imagination to believe Righthaven is acting now, as in other cases, in bad faith.  In fact, Righthaven has been adjudged of acting in "bad faith," to have "wasted judicial resources" and "needlessly increased the costs of litigation," as well as having "made intentional misrepresentations to the court," and sanctioned accordingly. *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138) (minute order).  Righthaven's response was to seek, a day late, an extension to comply with these sanctions. *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 143).

This Court's colleague has already found that Righthaven acted in bad faith, to have wasted judicial resources and to have needlessly increased the costs of litigation.  There is no evidence that Righthaven is not doing the same in this case as well, and plenty to indicate that it is, including its dilatory pursuit of leave to amend its Complaint.  If granted, the parties will be put back at square one, but with Righthaven's legal position – and inability to maintain its suit – unchanged.  There is no genuine legal question to be resolved by Righthaven's proposed amendments – just delay and harassment of the Defendants by multiplying their legal fees.

It is very likely that Righthaven will complain about the matters discussed in this Opposition.  Yet, it is impossible to appreciate the bad faith permeating Righthaven's litigation campaign without addressing them.  Righthaven's Amended Complaint (Doc. # 16) will not change anything in this case, or magically give Righthaven standing to sue.  What it will do is drag out the inevitable dismissal of this matter, like many others, for weeks or months, effecting nothing but increased expenses for NewsBlaze, additional briefing for the Court, and the mooting of completed, extensive briefing on the *same exact issue* that will exist even if amendment if it is allowed – Righthaven's lack of standing at the time it filed suit.

- 10 -

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven's Motion for Leave to Amend (Doc. # 16) is little more than a vengeance piece by Righthaven. The Plaintiff's co-owners, Stephens Media (owner of member SI Content Monitor LLC) and Steven Gibson (owner of member Net Sortie Systems LLC and also Righthaven's CEO) (Exh. A at 7, 10, 46) refuse to be stopped by anything, least of all copyright law and the rulings in this District, in their rampage to obtain anything that even smells like money – often through settlements obtained after lawsuits are filed, but before defendants are served. *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 148) ("the Court is fully aware of Righthaven's practice of filing suit against a party and then entering settlement negotiations (and frequently settling) without ever serving the party"). NewsBlaze dared to assert its rights in Court and point out that Righthaven had no right to bring the instant lawsuit. In retaliation, Righthaven wishes to make this litigation as lengthy and financially burdensome on NewsBlaze as possible, simply because it feels entitled to do so. The law, however, clearly holds otherwise.

**Conclusion**

Righthaven's Motion to Amend Complaint should be denied on numerous bases. First, the amendments are futile as they do not correct the jurisdictional issues affecting this litigation, and cannot do so – Righthaven cannot change the facts of this lawsuit at the time it was filed. Second, Amendment to the Complaint would result in impermissible undue prejudice to the Defendants. Additionally, the Motion to Amend is made for dilatory purposes, seeking to force NewsBlaze into submission through sheer delay and expense, and is further evidence of Righthaven's indisputable bad faith.

This Court should deny Righthaven's Motion to Amend Complaint (Doc. # 16), and is justified by precedent in doing so. Moreover, Righthaven's efforts to resuscitate this litigation at NewsBlaze's expense only further underscore the need to dismiss this action with prejudice, as discussed in NewsBlaze's Motion to Dismiss and Reply briefing (Docs. # 6, 18).

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

| | | |
|---|---|---|
| 1 | Dated: August 5, 2011 | Respectfully Submitted, |
| 2 | | RANDAZZA LEGAL GROUP |
| | | |
| | | *[signature]* |
| | | _____ |
| | | J. Malcolm DeVoy IV |
| | | Attorney for Defendants, |
| | | *NewsBlaze LLC and* |
| | | *Alan Gray* |

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 5th day of August, 2011, I caused documents entitled:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

                                                /s/ J. Malcolm DeVoy
                                                J. Malcolm DeVoy

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113