1   J. Malcolm DeVoy IV (Nevada Bar No. 11950)
2   jmd@Randazza.com
    RANDAZZA LEGAL GROUP
3   7001 W. Charleston Boulevard, #1043
    Las Vegas, Nevada 89117
4   Telephone: (888) 667-1113
    Facsimile: (305) 437-7662
5   Randazza.com

6   Attorney for Defendants,
    *NewsBlaze LLC and*
7   *Alan Gray*

8
                    **UNITED STATES DISTRICT COURT**
9
                        **DISTRICT OF NEVADA**
10

11  RIGHTHAVEN, LLC, a Nevada limited-liability     Case No.: 2:11-cv-00720
    company
12                                                   **DEFENDANTS' MOTION FOR**
                            Plaintiff,               **SANCTIONS AGAINST COUNSEL**
13                                                   **UNDER 28 U.S.C. § 1927**
            vs.
14
    NEWSBLAZE LLC, a California limited
15  liability company; and Alan Gray, an individual,

16                          Defendants.

17             **DEFENDANTS' MOTION FOR SANCTIONS**
            **AGAINST COUNSEL UNDER 28 U.S.C. § 1927**
18
            Defendants NewsBlaze LLC, and Alan Gray (collectively, "NewsBlaze," or the
19
    "Defendants"), by and through their counsel, move for this Court to impose sanctions against
20
    Shawn A. Mangano (hereinafter "Mangano" or "Counsel"), counsel for Plaintiff Righthaven,
21
    LLC (hereinafter "Righthaven," or the "Plaintiff") for unreasonably and vexatiously multiplying
22
    the proceedings in this action.  NewsBlaze brings this motion reluctantly, and understands the
23
    role of zealous advocacy in the judicial system – even for an unpopular party.  Righthaven's
24
    litigation campaign in this case (and in this district) has gone beyond zealous advocacy and has
25
    become vexatious, unnecessarily multiplicative, and purposely wasteful.  Seeking sanctions
26
    against a fellow attorney is a somber and unenviable undertaking, one sought only as a matter of
27

28
    Randazza
    Legal Group
    7001 W Charleston Blvd
    #1043
    Las Vegas, NV 89117
    (888) 667-1113

last resort, but Plaintiff's Counsel has long known that this case is untenable.  Nevertheless, Counsel insists upon pushing this case forward and must answer for that conduct.

**I. Introduction**

Righthaven filed more 275 copyright infringement lawsuits across the United States District Courts for the Districts of Nevada, Colorado and South Carolina.  To date, Righthaven has yet to receive a single judgment in its favor.  Its losses, however, have been legion.[1] Righthaven lost three challenges on fair use – two of which involved the defendants' copying of full articles – severely belying Righthaven's claim that it is engaging in copyright enforcement. *Hoehn*, *2011 WL 2441020* (finding that defendant's copying of a full article was non-infringing fair use under 17 U.S.C. § 107); *Jama*, *2011 U.S. Dist. LEXIS 43952* (same); *Realty One Group*, 38 Media L. Rep. at 2441.  Righthaven abused the Copyright Act by using it as a pretense for extortive litigation, suing defendants for damages up to $150,000 without having the right to bring the case, and without so much as considering the defendants' fair use rights.[2]  Righthaven's campaign has been an abject failure; even its own client publicly referred to it as a "dumb idea."[3] If a party or lawyer is expected to read the metaphorical "writing on the wall," that party and that lawyer should be expected to take note when the wall collapses and falls upon them, leaving nothing more than a dusty pile of litigation rubble.  In this case, Righthaven not only seems to

---

[1] *Righthaven v. Newman*, Case No. 2:10-cv-01762, *2011 U.S. Dist. LEXIS 116654* (D. Nev. Oct. 7, 2011); *Righthaven v. Wolf*, Case No. 1:11-cv-00830, *2011 U.S. Dist. LEXIS 109901* (D. Colo. Sept. 27, 2011); *Righthaven v. Hyatt*, Case No. 2:10- cv-01373, *2011 U.S. Dist. LEXIS 93115* (D. Nev. Aug. 19, 2011); *Righthaven v. Pahrump Life*, Case No. 2:10-cv-01575, *2011 U.S. Dist. LEXIS 90345* (D. Nev. Aug. 12, 2011); *Righthaven v. Mostofi*, Case No. 2:10-cv-01066, *2011 WL 2746315* (D. Nev. July 13, 2011); *Righthaven v. Barham*, Case No. 2:10-cv-02150, *2011 WL 2473602* (D. Nev. June 22, 2011); *Righthaven v. DiBiase*, Case No. 2:10-cv-01343 *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven* v. *Hoehn*, Case No. 2:11-cv-00050 (Doc. # 28) *2011 WL 2441020* (D. Nev. June 20, 2011); *Righthaven v. Democratic Underground LLC*, Case No. 2:10-cv-01356 (Doc. # 116) *2011 WL 2378186* (D. Nev. June 14, 2011); *Righthaven* v. *Jama*, *2011 U.S. Dist. LEXIS 43952* (D. Nev. Apr. 22, 2011); Righthaven v. *Leon*, Case No. 2:10-cv-01672 (Doc. # 37) (D. Nev. Apr. 20, 2011); *Righthaven v. Realty One Group, Inc.*, 38 Media L. Rep. 2441 (D. Nev. Oct. 2010).

[2] *See Righthaven v. Nat'l Org. for Reform of Marijuana Laws*, Case No. 2:10-cv- 00351 (Doc. #30) (D. Nev. June 4, 2010) (accepting offer of judgment for $2,815 in satisfaction of infringement claim); *Righthaven v. Rawlings et al.*, Case No. 2:10-cv-01527 (Doc. # 25) (D. Nev. June 28, 2011) (settling Righthaven's infringement claim for $1,000, at a rate of $100 per month).

[3] John Paton, New Chief Executive Of MediaNews Group Says Joining Righthaven Was "A Dumb Idea", The Huffington Post (Sept. 10, 2011), http://www.huffingtonpost.com/2011/09/09/john-paton-new-chief-exec_n_956245.html (*last accessed* Oct. 25, 2011).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

insist that the wall has not fallen, but does so while still hurling the dislodged stones at this defendant.  It must stop.

Unfortunately, and certainly unintentionally, the judiciary has been Righthaven's unwitting accomplice in its ignoble endeavors.  This is not to say that any member of the judiciary has violated any duty.  In fact, the restraint with which the judiciary has treated Righthaven and its Counsel is an admirable display of tolerance and compassion.  However, when this Honorable Court examines the aggregate behavior of this Plaintiff, it must see that the only way to put an end to it is to send a message that cannot be misunderstood.  It must impose sanctions upon Mr. Mangano.

In June of 2011, Righthaven began losing lawsuits due to its lack of subject matter jurisdiction.  *Barham*, *2011 WL 2473602; DiBiase*, *2011 WL 2473531*; *Hoehn*, *2011 WL 2441020*; *Democratic Underground*, *2011 WL 2378186.*  Contrary to Righthaven's claims in its many Complaints, it acquired no exclusive rights in its putative assignments from Stephens Media LLC ("Stephens").  Under Righthaven's Strategic Alliance Agreement ("SAA"), Stephens Media specifically retained all rights to exploit the copyrighted works for profit – the very same exclusive rights that Righthaven needed to bring its hundreds of lawsuits. (*see* Doc. # 6.) Righthaven argued that Stephens' assignments to Righthaven provided Plaintiff with all requisite rights to bring suit based on prior rulings that held the assignments conferred Righthaven with standing.  In *Democratic Underground*, however, Judge Hunt referred to these decisions as "tainted" by being presented without the SAA – the document in which Stephens withheld all copyright rights.  Moreover, Judge Hunt described Righthaven's conclusion that it acquired rights in the copyrighted works through the assignment, and despite the SAA, as "flagrantly false," characterizing the argument as "disingenuous," if not "deceitful." *Id.*

Hunt sanctioned Righthaven $5,000 for its conduct. *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138) (D. Nev. July 14, 2011).  This did not deter Righthaven, as Righthaven is an LLC owned by two other LLCs – a corporate design that suggests that its architects were well aware of the fact that there would be consequences for their actions, and that they built in safeguards to try and evade those consequences. (*See, e.g.*, Doc. # 6-3.)  Had Judge

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Hunt imposed even the slightest sanction upon Righthaven's counsel of record, Righthaven's tempestuous behavior would have been curtailed.  Without consequences, though, behavior does not change.

Judge Hunt's *Democratic Underground* order was issued on June 14, 2011, finding that Righthaven lacked standing to sue – even despite its alleged "Clarification" of the SAA, which Righthaven and Stephens executed after the lawsuit was filed and was deemed not to affect Righthaven's rights at the time it brought suit. *2011 WL 2378186.*  In the subsequent 30 days, this District issued further orders finding Righthaven lacked standing to bring its lawsuits. Righthaven's virtually identical agreement with Media News Group, Incorporated, called a Copyright Alliance Agreement, has also been found to deprive Righthaven of standing by the District of Colorado. *Righthaven v. Wolf*, Case No. 1:11-cv-00830 *U.S. Dist. LEXIS 109901* (D. Colo. Sept. 27, 2011).  The District of South Carolina has also issued an order to show cause to Righthaven as to why its case should not be dismissed for lack of standing based on the Copyright Alliance Agreement's terms. *Righthaven v. Eiser*, Case No. 2:10-cv-03075 (Doc. # 81) (D.S.C. Oct. 20, 2011).

Righthaven's scheme has been rejected nationwide.  Within this District, Courts had ruled four times that Righthaven did not have standing to sue its defendants – and that its amendments to the SAA made after filing suit were ineffective – just between June 14 and June 23, 2011.[4]  To the extent any legitimate question of law existed about Righthaven's standing to sue in the first place, considering this Circuit's precedent in *Silvers v. Sony Pictures Entertainment Corp.*, 402 F.3d 881 (9th Cir. 2005), and *Sybersound Records, Incorporated v. UAV Corporation*, 517 F.3d 1137 (9th Cir. 2008), that doubt should have been resolved in June upon Righthaven's fourth adverse ruling on standing.  Yet, only days away from Halloween, the Defendants in this action continue to bear the costs of litigation establishing Righthaven's lack of standing.  This District has conclusively settled this exact issue, and Righthaven's consistent argument to the contrary can no longer be advanced in good faith.  Righthaven and its Counsel

---

[4] *Barham, 2011 WL 2473602; DiBiase, 2011 WL 2473531; Hoehn, 2011 WL 2441020; Democratic Underground, 2011 WL 2378186.*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1   have a duty to dismiss this case, and not to waste the Court's time or the Defendant's time and

2   resources in making the exact same arguments, which have been rejected again, and again, and

3   again, and again.

4   **II. Legal Standards**

5           Under 28 U.S.C § 1927, an attorney who multiplies the proceedings in any case

6   unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

7   expenses and attorneys' fees reasonably incurred because of such conduct.  The Ninth Circuit

8   has taken a broad reading of this statute, allowing sanctions to be awarded where litigation was

9   pursued in subjective "bad faith," or "recklessly." *U.S. v. Blodget*, 709 F.2d 608, 610 (9th Cir.

10  1983).  It is not only proper in this case, but utterly necessary.

11          Bad faith is present where an attorney knowingly or recklessly raises a frivolous

12  argument. *In re Keegan Mgmt., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996); *Estate of Blas ex*

13  *rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); *Optyl Eyewear Fashion*

14  *International Corp. v. Style Cos.*, 760 F.2d 1045, 1050-51 (9th Cir. 1985).  Filings made solely

15  for the purpose of delay constitute bad faith and are sanctionable under § 1927. *Blodget*, 709

16  F.2d at 610.  Courts have viewed the repetitious raising of arguments that have been resolved

17  against a party to be sanctionable under § 1927. *Van Scoy v. Shell Oil Co.*, 11 Fed. Appx. 847,

18  851-52 (9th Cir. 2001). Moreover, a "district court has inherent power to award attorney's fees

19  for bad faith conduct." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1220 (9th Cir.

20  2003).

21          Even where a case is dismissed for lack of subject matter jurisdiction, these sanctions

22  may be imposed where counsel has had an opportunity to show cause why they should not be.

23  *Stalley v. Methodist Healthcare*, 517 F.3d 911, 919-920 (6th Cir. 2008).  It is not the underlying

24  case's merits, but the actual acts of counsel, that grant courts jurisdiction to impose sanctions

25  under § 1927. *Id.*; *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, 766 F. Supp. 2d 1188,

26  1201-02 (N.D. Olka. 2011).  A court may impose sanctions "even in the absence of subject

27  matter jurisdiction." *Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 239 (D.C. Cir.

28  1981).

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

**III. Argument**

    **A.**    **As At Least the Ninth Case within this District to Consider Righthaven's Lack of Standing, Sanctions are Long Overdue.**

Section 1927 considers the multiplication of proceedings not only in the instant case, but before this District as a whole. *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (holding that § 1927 cannot be used to sanction conduct initiated outside of the district, but can be used when multiple proceedings are brought before the same "district court"); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991) (allowing the district court to use its inherent powers to levy sanctions for misconduct before other tribunals), *accord Western Sys. v. Ulloa*, 958 F.2d 864, 873 (9th Cir. 1992). As such, it is worth noting that Righthaven has already received no fewer than seven (7) written orders conclusively resolving the question of its right to sue (or lack thereof), four of which have been reduced to judgment.

On June 14, 2011, Judge Hunt held that Righthaven did not have the right to sue under the SAA, and that its "Clarification" to the SAA was ineffective, as the case's jurisdictional facts were fixed at the time of filing. *Democratic Underground, 2011 WL 2378186*. This would be the first of many adverse rulings for Righthaven on this issue. The next such ruling came on June 20, 2011 in *Hoehn*. In that case, Judge Pro ruled that Righthaven did not have standing to sue, that its "Clarification" to the SAA was inapplicable due to being executed after filing the Complaint, that the "Clarification" would not have conferred Righthaven with standing to sue even if it had been effective, and that the defendant's use of the copyrighted work was a non-infringing fair use under 17 U.S.C. § 107. *Hoehn, 2011 WL 2441020*.

Shortly thereafter, on June 22, Judge Hunt dismissed two more of Righthaven's cases – *DiBiase, 2011 WL 2473531*, and *Barham, 2011 WL 2473602* – due to Righthaven's same lack of standing. Judge Hunt's decisions also held that Righthaven's "Clarification" of the SAA was ineffective because it was executed after the Complaint's filing. On July 13, Judge Dawson dismissed Righthaven's case in *Mostofi*, holding that Righthaven lacked standing to sue, and that its subsequently executed "Clarification" to the SAA did not confer it with standing. *2011 WL 2746315*.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

After racking up these five adverse rulings, Righthaven, through Counsel, Responded to NewsBlaze's Motion to Dismiss, and contemporaneously Moved to Amend its Complaint, on July 19, 2011. (Docs. # 13, 16.)  Both filings ignored the substance of this District's prior rulings addressing Righthaven's standing.   In its Response (Doc. # 13), Righthaven argued that its "Clarification" and Restatement of the SAA were controlling in this case, and vested Righthaven with the right to sue for infringement.  Righthaven's filing begged the question of whether these amendments to the SAA were effective, directly contradicting five prior cases that evaluated Righthaven's standing only on the facts that existed at the time Righthaven filed suit. Righthaven attempted to justify this approach, in footnote 3 of its Response, as follows:

> It should be noted that Defendants should be precluded from barring Righthaven's reliance on the Clarification as over half of their Motion argues the absence of standing despite the Clarification's language. (Doc. # 6 at 6-14.) In doing so, Defendants have placed the Clarification at issue and *they should be deemed to have waived any argument that it was not in existence as of the filing of the Complaint*. (Doc. # 13 at 4 n. 3) (emphasis added).

This argument is false.  Factually, it is incorrect because the Complaint (Doc. # 1) was filed on May 5, and the Clarification (*see* Docs. # 14, 15) was not signed until May 9, 2011. Legally, Righthaven's argument again disregarded the then-existing precedent of this District, firmly establishing that subsequent amendments to the SAA did not vest Righthaven with standing it did not possess at the time of filing.  Righthaven's argument further contradicts Fed. R. Civ. P. 12, which makes lack of subject matter jurisdiction a non-waivable defense and an issue that a Court can raise *sua sponte* at any time.  Righthaven's argument that NewsBlaze should be precluded from arguing the plain facts of this case, solely because it presented an alternative argument for dismissal, cannot be described as anything but absurd.

Righthaven's contemporaneously filed Motion to Amend (Doc. # 16), also signed and filed by Mangano, reveals the same refusal to accord weight to the five adverse rulings Righthaven received before making its motion.  *Democratic Underground*, *Hoehn*, *DiBiase*, *Barham* and *Mostofi* all clearly stated that jurisdictional facts are fixed at the time of filing the Complaint.   Righthaven's Motion to Amend attempted to not fix allegations within the Complaint that were defective, but instead to change the facts themselves and claim

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven's rights are determined by the Restatement – a document not even in existence at the time the Complaint (Doc. # 1) was filed on May 5.   Despite numerous orders rejecting this attempted *nunc pro tunc* transfer of rights after Righthaven had filed suit, Righthaven ignored these prior rulings – and the precedent of the Supreme Court – by attempting to re-write the jurisdictional facts of this case months after it was filed.

NewsBlaze undertook the expense of filing a reply brief to Righthaven's response concerning the Motion to Dismiss (Doc. # 18) and responding to Righthaven's Motion to Amend (Doc. # 19).  None of Righthaven's arguments were supported by the law of this District – and in fact were unambiguously contradicted by it – yet NewsBlaze had to specifically argue for Righthaven's dismissal in this case as well, and at its own considerable expense.

Righthaven's losing streak continued.   In *Pahrump Life*, Judge Mahan dismissed Righthaven's case against the defendants based on Righthaven's lack of standing and the ineffectiveness of a *nunc pro tunc* amendment of its rights under the SAA, further denying Righthaven's motion to amend its complaint. Case No. 2:10-cv-01575 (Doc. # 63) (denying motion to amend complaint, granting motion to dismiss); *see also Pahrump Life, 2011 U.S. Dist. LEXIS 90345*.   A final written order in that case is forthcoming.   Judge Mahan did, however, issue a written order dismissing Righthaven's case in *Newman* with prejudice on October 7. *U.S. Dist. LEXIS 116654*.   Newman's case was dismissed for the same reasons articulated in *Democratic Underground*, *Hoehn*, *DiBiase*, *Barham* and *Mostofi*. *Id*.   Judge Mahan found that Righthaven did not have standing under the SAA, and that subsequent attempted amendments of that document could not vest Righthaven with standing – leading Mahan to further hold that any amendment of Righthaven's complaint would be ineffective. *Id*.   Righthaven's lack of standing, and the ineffectiveness of its "Clarification," is also clearly seen in *Hyatt*, where Judge Dawson dismissed Righthaven's claims against an *unrepresented defendant in default*.   *Righthaven v. Hyatt*, Case No. 2:10-cv-01373, *2011 U.S. Dist. LEXIS 93115* (D. Nev. Aug. 19, 2011).

This District is not alone in revealing the unlawfulness of Righthaven's scheme.   In the District of Colorado, Judge Kane dismissed Righthaven's lawsuit based on an agreement substantively identical to the SAA, called a "Copyright Alliance Agrement," which similarly did

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

- 8 -

not transfer any copyright rights from Media News Group, Inc. to Righthaven.  *Righthaven v. Wolf*, Case No. 1:11-cv-00830, *2011 U.S. Dist. LEXIS 109901* (D. Colo. Sept. 27, 2011).  In South Carolina, District Court Judge Austin has issued a show-cause order in *Eiser*, Case No. 2:10-cv-03075 (Doc. # 81) as to why Righthaven's lawsuit based on the same Copyright Alliance Agreement analyzed in *Wolf* should not be dismissed.

At any time in this losing streak, Righthaven could have voluntarily dismissed its Complaint against NewsBlaze.  Righthaven's current Counsel is familiar with this procedure and attempted to use it in *Democratic Underground* due to receiving an adverse ruling in another concurrently pending case. Case No. 2:10-cv-01356 (Doc. # 36) (D. Nev. Nov. 15, 2011). Righthaven similarly voluntarily dismissed twenty-six (26) pending cases in the District of Colorado, for which Mangano was also counsel of record, after receiving an adverse ruling in *Wolf. See, eg., Righthaven v. Sumner et al.*, Case No. 1:11-cv-00222 (Doc. # 30) (D. Colo. Oct. 7, 2011) (dismissing case against defendant without prejudice due to the Colorado court's ruling in Wolf, finding that Righthaven lacked standing to sue).  Yet, Mangano refused to do so in this case – delaying its resolution to a point up to and including the October 21, 2011 hearing before this Court, in which he proffered the same arguments for Righthaven's standing that this District has consistently rejected.  Since June 14, it has become more obvious with each passing day that Righthaven's legal position is directly contrary to the law of this Circuit and District. Righthaven, whether through Counsel's insistence or acquiescence, persists in individually litigating every case to the end even when the issues are conclusively settled against them.

**B.    Righthaven's Arguments Are Precluded from Relitigation; Sanctions Against Counsel are Appropriate for Serially Rehashing Settled Matters of Law.**

Counsel has repeatedly argued, and this District has consistently rejected, that Righthaven has standing to sue under the SAA, and can cure this defect with amendments executed after commencing litigation.  In light of the adverse rulings cited and discussed *supra*, it is surprising, if not troubling, that Righthaven's Counsel continues to argue to the contrary to these orders in more cases – including this one.  These arguments should be collaterally estopped from being raised.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

Righthaven is precluded from further arguing that it has standing to bring this action under the SAA, and that its amendments executed after filing suit are effective, by the doctrine of issue preclusion – formerly known as collateral estoppel.  When an issue has been fully and actually litigated, as these issues have been *ad nauseam* in this District, a party is barred from relitigating the issue. *Clements v. Airport Author. of Washoe County*, 69 F.3d 321, 330 (9th Cir. 1995); *see also United States v. Mendoza*, 464 U.S. 154, n.4 (1984).  A non-party to a prior action can rely on issue preclusion to preempt relitigation of issues actually and necessarily decided against a party. *Green v. Ancora-Citronelle Corp.,* 577 F.2d 1380, 1383-1384 (9th Cir. 1978).  This is true even as this District's decisions in *Hoehn*, Case No. 11-16995, and *DiBiase*, Case No. 11-16776, are pending appeal before the Ninth Circuit Court of Appeals.  *Tripati v. Henman*, 857 F. 2d 1366 (9th Cir. 1988) (warning, presciently, that if district court rulings pending appeal were not given preclusive effect, "Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation" – much as Righthaven, through Mangano, has done in this District and others) (citations omitted).

Righthaven's many dismissals have been fairly and fully litigated.  Plaintiff's lack of standing is not merely jurisdictional, but an evaluation of the merits and its ability to bring a claim for copyright infringement under 17 U.S.C. § 501(b), which requires ownership of an exclusive right defined by 17 U.S.C. § 106.  The basis for Righthaven's many dismissals, its lack of copyright ownership, is integral to its ability to sue for copyright infringement.  As such, the merits of Righthaven's cases and their jurisdictional components are intertwined, rendering dismissal under Rule 12(b)(1) an adjudication on the merits with preclusive effects. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation,* 524 F.3d 1090, 1094 (9th Cir. 2008); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Judge Mahan's ruling in *Newman* removes any ambiguity on this issue as well, dismissing Righthaven's claim with prejudice. *2011 U.S. Dist. LEXIS 116654.*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

Mangano has been Righthaven's counsel in each and every one of these adverse rulings on standing, and is aware of their substance.   He is further aware that this District has consistently refused to give effect to Righthaven's amendments to the SAA made after suit was filed.  For Mangano to continue to claim the contrary after four months and no fewer than seven (7) written adverse rulings on this very issue is at least recklessness under *Blodget*. 709 F.2d at 610.   Counsel's repetitive argument of settled issues is done in bad faith, intended to punish litigants who resisted Righthaven's efforts and brought about its downfall – particularly once this District found the company lacked standing to sue.   This repetitious advancement of arguments already resolved against a party has previously been held to be sanctionable under § 1927 in *Van Scoy*. 11 Fed. Appx. at 851-52.   To the extent that Righthaven and Mangano's conduct is substantively distinguishable from the sanctioned conduct in *Van Scoy*, it is because Righthaven's conduct, through Mangano, is worse.

**C.     Whether At Mangano's Direction or Accession, Righthaven Has Consistently Acted in Bad Faith, Necessitating Sanctions Against its Counsel.**

NewsBlaze and the undersigned understand the severity of even requesting sanctions to be imposed on a party's counsel during the course of litigation.   Doing so bears the risk of chilling vigorous advocacy and strains the adversarial process.   Furthermore, the undersigned is well aware that this is a small city, a closely-knit bar, and does not pursue this motion without great reservation, self-reflection, and consultation with ethics counsel and mentors alike.   This motion is brought due to the inescapable conclusion that it is the undersigned's duty to do so, even though it lies outside of the undersigned's desire.

Righthaven has no legitimate arguments at risk of being tempered or suppressed by this Motion.   NewsBlaze seeks sanctions because it should not have been forced to litigate an issue that has been conclusively decided in writing seven times over, with an eighth decision forthcoming, and repeatedly reduced to judgment.   Mangano has either been complicit or instrumental in forcing the identical, precluded issues to be fully litigated in this case as well. Neither explanation is acceptable, and there is no justification for the arguments raised in the briefing Mangano filed since NewsBlaze moved to dismiss (Docs. # 13, 16).  Despite sanctions

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

- 11 -

against Righthaven and the imposition of attorneys' fee awards for prevailing Defendants, Righthaven's conduct remains unchanged.  Thus, as a remedy of last resort, NewsBlaze seeks sanctions against Mangano, as only sanctions upon Mangano will have any effect upon Righthaven's conduct.

Righthaven is no longer advancing a legitimate argument about its standing to bring these cases – if it ever were – but is now seeking a ruling it prefers.  Paying the cost for this concurrent litigation of identical issues are Righthaven's defendants who dared to defend their rights. Rather than admitting defeat at the trial level and seeking vindication of its model on appeal, Righthaven has instead pressed forward with numerous cases in defiance of this District's rulings holding that it cannot do so.  Rather than heed this District's lawful orders, it has instead challenged every defendant to raise the exact same challenges to its standing and litigate them fully, even when many Judges in this District have reached the same conclusion about Righthaven's meritless arguments.

This serial litigation of settled issues is not limited to the district courts.  Righthaven has filed no fewer than five appeals to the Ninth Circuit Court of Appeals. *Realty One Group, Incorporated*, Case No. 11-15714 (9th Cir., filed Mar. 24, 2011); *Jama*, Case No. 11-16358 (9th Cir., filed June 2, 2011); *Hoehn*, Case No. 11-16995 (9th Cir., filed July 19, 2011); *DiBiase*, Case No. 11-16776 (9th Cir., filed July 22, 2011); and *Democratic Underground*, Case No. 11-17210 (9th Cir., filed Sept. 19, 2011).  Righthaven also appealed a loss to the Tenth Circuit. *Wolf*, Case No. 11-1469 (10th Cir., filed Oct. 11, 2011).  While seeking appeals is Righthaven's prerogative, it does not appear to be prosecuting them. Righthaven's opening brief in its first appeal, *Realty One Group, Inc.*, Case No. 11-15714, was due to the Court of Appeals on September 19, 2011 and has yet to be filed, without any apparent extension sought or granted. This appeal appears to be another stall tactic for Righthaven to deny the defendant in that case, and the First Amendment principles its fair use victory embraces, any finality.

Additionally, the best efforts of Judges in this District to rein in Righthaven's conduct have been ineffective.  This District's numerous dismissals for lack of standing have not caused Righthaven to change course by a single degree.  Similarly, neither this District's imposition of

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

sanctions, nor awards of attorneys' fees to prevailing defendants, have affected Righthaven's conduct.   As set forth below, a new and drastic remedy is needed to conform Righthaven's behavior to accepted norms.   Personally sanctioning Mangano under 28 U.S.C. § 1927 likely is the best – and possibly the only – way to make this Court's desired message heard.   When this Court speaks, Righthaven cannot hear.   Mr. Mangano will likely be able to hear the Court loud and clear.

In *Democratic Underground*, Judge Hunt imposed a sanction of, *inter alia*, $5,000 upon Righthaven for its misrepresentations to the Court, bad faith, wasting of judicial resources, and needlessly increasing the costs of litigation. (Doc. # 138) (D. Nev. July 14, 2011).   Rather than promptly comply with the sanction order, Righthaven sought an extension to satisfy the sanction order – a day after the sanctions were due. (Docs. # 143, 145).   Despite part of Righthaven's sanction embracing its bad faith, wasting of judicial resources and needlessly increasing the costs of litigation (Doc. # 138), Righthaven continues to do all of these things by forcing NewsBlaze to litigate, like many defendants before it, the settled issue of Righthaven's standing.   Moreover, Righthaven's late request to extend the time for its compliance with the *Democratic Underground* court's sanctions demonstrates the need to expressly provide a strong penalty if Righthaven or Mangano fail to timely comply with future sanctions – such as immediately placing the company and Mangano in contempt of Court upon failing to meet a deadline.

Awards of attorneys' fees have also been unavailing in conforming Righthaven's conduct.   Righthaven's pattern of behavior when fees have been awarded against it has evinced a reticence to pay.   The motion practice Righthaven has engaged in to avoid payment not only frustrates recovery of the fee award, but characteristically increases the costs needed for a defendant to vindicate its rights.   In *Righthaven v. Leon et al*., Case No. 2:10-cv-01673 (D. Nev.), Righthaven *did* pay an attorney's fee award of $3,185 to the *pro bono* attorney of prevailing defendant Michael Leon.   Righthaven only did so, however, after refusing to negotiate about the Court's award of fees, opposing the application for fees, requiring the judgment creditor to file a motion for preliminary injunction to secure payment, Righthaven applying for a stay of the $3,815 judgment's enforcement – which the creditor opposed – and the court

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

scheduling a hearing on the preliminary injunction motion. *Leon*, (Docs. # 52-54, 56-60).  Only on the eve of the preliminary injunction hearing, which Righthaven was all but certain to lose, did Righthaven remit payment of $3,815. *Leon*, (Doc. # 60) (D. Nev. July 24, 2011).

In another case where attorneys' fees were awarded to a prevailing defendant, Righthaven has taken even greater efforts to avoid satisfaction of the defendant's judgment – including "urgent" motion practice before the Ninth Circuit Court of Appeals. *Hoehn*, Case No. 11-16995 (App. Docs. # 6-8) (9th Cir. Oct. 19, 2011).   In *Hoehn*, the defendant obtained a judgment of $34,045.50 against Righthaven, against which Righthaven applied to stay enforcement. Case No. 2:11-cv-00050 (Docs. # 43, 52). Hoehn opposed this motion.  Righthaven then filed an "urgent motion" to the Ninth Circuit Court of Appeals seeking relief from the judgment under Ninth Circuit Rule 27-3 (Doc. # 6), which was mooted by a district court order requiring Righthaven to post a bond for $34,045.50 by October 28, 2011. (Doc. # 56.) Righthaven then supplemented its urgent motion to the Ninth Circuit (App. Doc. # 6-1), which Hoehn opposed (App. Doc. # 7).   Despite the Ninth Circuit's brief and unambiguous order denying Righthaven its requested relief (App. Doc. # 8),[5] Mangano has told the media that he, and Righthaven, intend to seek clarification of the Ninth Circuit's ruling – likely through motion practice, based on Righthaven's prior conduct in that case.[6]   In the background of Righthaven's Ninth Circuit motion practice lies its unfiled, past-due opening brief in the *Realty One* appeal, discussed *supra*.   To the undersigned's knowledge, Righthaven has not yet posted a bond for $34,045.50 in *Hoehn*.[7]

---

[5] The Ninth Circuit's ruling stated, in its entirety with citations omitted, "Appellant's emergency motion for stay pending appeal is denied. The briefing schedule established previously shall remain in effect." (App. Doc. # 8).

[6] Steve Green, *Another Judge Doubtful of Righthaven's Standing to Sue*, Vegas Inc. (Oct. 21, 2011), http://www.vegasinc.com/news/2011/oct/21/another-judge-doubtful-righthavens-standing-sue/ (*last accessed* Oct. 22, 2011) ("Separately, Mangano said after the hearing that he planned to contact the 9th U.S. Circuit Court of Appeals for clarification of its ruling Wednesday refusing to stay proceedings in one of Righthaven's appeals — this one over whether it must pay Randazza Legal Group's $34,045 in fees for representing prevailing defendant Wayne Hoehn").

[7] It should be noted that a similar sanctions motion will be brought before the *Hoehn* court if Righthaven does post a bond for $34,045.50.  Righthaven has represented to this District and Ninth Circuit that it may have to consider bankruptcy if forced to post a bond for $34,045.50, and could not allocate operating capital to post the bond.  If these representations prove untrue, Mr. Hoehn will also seek sanctions against Mangano for unreasonably prolonging the process of Righthaven posting a bond for his judgment on appeal – a practice that is the norm under Fed. R. Civ. P. 62, rather than the exception, for appellants seeking review of awards entered against them.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven and Mangano knew or should have known many months ago that their course of conduct was legally untenable.  Righthaven's own operating agreement acknowledges in its risk disclosures that the scheme is unlawful under *Silvers* and *Sybersound*, stating:

> [T]he willingness of consumers to understand and agree to the assignment and license-back structure that is inherent in the Company's business structure may not be consistent or even prevalent. (Doc. # 6-3 § 19.4(d)).

The reason for this "risk" is simple: Righthaven's entire business model has been found by this District, and at least one other district court, to be plainly illegal.  As much as Righthaven insists to this day that its business model is an "assignment and license-back" arrangement, the Judges of this District have consistently held that it is not – irrespective of what Mangano calls it.  For Righthaven and Mangano to continue this litigation campaign against NewsBlaze is to argue against settled law for no purpose but to delay this case's resolution, try to coerce a settlement from NewsBlaze, and to deny the Defendants a rightful release from this action.

Whether Mangano is controlling this litigation or merely following Righthaven's Svengali-like orders, he has multiplied proceedings in this district unreasonably, contrary to clear precedent, and in bad faith (or at least recklessly).  As counsel of record in every case where Righthaven's claims have been dismissed for want of standing, he is aware of the settled precedent of this District, which is consistent with the law of the Ninth Circuit.  For Mangano to still consistently argue against these standing orders and judgments, seeking either inconsistent treatment of Righthaven's standing from this District, or to inflict delay and financial harm onto Righthaven's defendants, is an unreasonable and vexatious use of the adversarial process.  Righthaven and Mangano have received the benefit of the doubt in this District for long enough, and now on the ninth instance of litigating Righthaven's standing under the SAA, Righthaven and its Counsel have exhausted any presumption of good faith they may have still enjoyed.  As no other sanction or remedy has been effective against Righthaven, NewsBlaze and this Court are left with no other options.  Mangano has signed his name to every one of the Plaintiff's filings in this case, and the Court may rightfully sanction him under 28 U.S.C. § 1927 for NewsBlaze's excessive attorneys' fees.

Randazza
Legal Group
7001 W Charleston Blvd
# 1043
Las Vegas, NV 89117
(888) 467-1113

#### D.     Requested Sanctions.

NewsBlaze moves the Court to impose sanctions against Mangano for $11,925.50.  (See Declaration of J. Malcolm DeVoy; Exh. A.) This sum represents NewsBlaze's legal fees and costs incurred defending this case since July 14, 2011 – one month after the *Democratic Underground* ruling, and a date by which Righthaven had acquired four other adverse rulings supporting the conclusions of *Democratic Underground*.

At the time the Complaint (Doc. # 1) was filed, there may have been an arguable question about Righthaven's right to sue.  Although *Silvers* made it clear that this was not the case, for the purpose of this Motion, the Defendant will generously concede the point for the sole purpose of limiting the sanctions to the smallest possible amount.  At the time NewsBlaze moved to dismiss (Doc. # 6) only the *Democratic Underground* court had ruled on Righthaven's standing and the applicability of the SAA "Clarification."  By July 19, though, when Righthaven responded to NewsBlaze's Motion to Dismiss and moved to amend the Complaint (Docs. # 13, 16), three judges in this District had resolved five cases against Righthaven on the issues of standing and whether its subsequently executed amendments to the SAA were effective.  By the time this Court had a hearing on the pending Motions (Docs. # 6, 16), two more decisions were issued confirming this reasoning, with a third forthcoming from Judge Mahan in *Pahrump Life*.

There was, and is, no reason for this issue to be litigated a nine times.  In baseball, a batter gets three strikes.  In Football, the offense gets four downs.  In the District of Nevada, the Defendant hopes, you get no more than nine chances to change direction before the Court finally says "enough is enough."   By seeking sanctions in the form of its attorneys' fees from July 14 to the present, NewsBlaze seeks to recover all of its fees expended in replying to Righthaven's response to its Motion to Dismiss (Doc. # 18), opposing Righthaven's Motion to Amend (Doc. # 19), preparing for and attending the October 21, 2011 hearing on the pending motions, and preparing this Motion for Sanctions so the Court might be apprised of Righthaven and Mangano's conduct before the District.  Under the circumstances, Mangano's reimbursement of $11,925.50 to NewsBlaze for legal fees it has incurred only due to his bad faith relitigation of settled law is a reasonable sanction, will appropriately compensate the Defendant for its wasted

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 467-1113

fees and expenses, and will send a signal to other lawyers who might be unclear about what 28 U.S.C. § 1927 means when it comes to a lawyer exercising independent judgment and client control.  Nine times is enough.

### Conclusion

Though sought with great reservation, the facts of this case and Mangano's conduct across numerous cases in this district cry out for the imposition of sanctions under 28 U.S.C. § 1927.   Months after Righthaven's lack of standing was determined by the *Democratic Underground* court and confirmed by at least six other decisions in this District, Righthaven's counsel still requires defendants to litigate the same precluded issues, either seeking to create inconsistent precedent or punish assertive defendants who do not wish to settle.  Whether this strategy was Mangano's or Righthaven's (to which Mangano acceded), it is ultimately Righthaven's Counsel who decides what arguments are presented to the Court – and must bear the consequences of those actions.

Section 1927 codifies attorneys' duties to bring reasonable, meritorious arguments in a reasonable manner.  Doing so requires restraint and sound judgment – even if it requires telling a demanding client, "no."  Mangano has intentionally failed to take these steps, and continued to litigate against NewsBlaze despite knowing his arguments, rejected by this District many times over, lacked merit.  Sanctions imposed by this Court, in the amount of $11,925.50 - NewsBlaze's attorneys' fees and costs since July 14, 2011 - are the appropriate remedy.

Dated: October 25, 2011                                 Respectfully Submitted,

                                                        RANDAZZA LEGAL GROUP


                                                        _____
                                                        J. Malcolm DeVoy IV

                                                        Attorney for Defendants,
                                                        *NewsBlaze LLC and*
                                                        *Alan Gray*

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

1

2
## CERTIFICATE OF SERVICE

3
Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a

4
representative of Randazza Legal Group and that on this 25th day of October, 2011, I caused

5
documents entitled:

6

7
**DEFENDANTS' MOTION FOR SANCTIONS AGAINST COUNSEL UNDER 28 U.S.C. § 1927**

8
and attachments to be served as follows:

9

10
[ X ]    by the Court's CM/ECF system.

11

12
/s/ J. Malcolm DeVoy

13
J. Malcolm DeVoy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 18 -