# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

NEWSBLAZE LLC, a California limited-liability company; and ALAN GRAY, an individual,

    Defendants.

2:11-cv-720-RCJ-GWF

**ORDER**

Currently before the Court are Defendants Newsblaze LLC and Alan Gray's (collectively "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction (#6) and Plaintiff Righthaven LLC's ("Righthaven") Motion for Leave to File an Amended Complaint (#16). The Court heard oral argument on October 21, 2011.

## BACKGROUND

On May 5, 2011, Righthaven filed a complaint against Defendants in this Court for copyright infringement. (Compl. (#1) at 1). Newsblaze is a website and Gray is the president and publisher of the website. (*Id.* at 2). The complaint alleges that, on March 8, 2011, Defendants displayed and continue to display an unauthorized reproduction of a *Las Vegas Review Journal* article entitled "Robert Guerrero Takes His Training Camp to Las Vegas." (*Id.* at 2-3; Ex. 3 (#1-3) at 2). On April 29, 2011, Righthaven registered the work with the United States Copyright Office. (Compl. (#1) at 4). Righthaven seeks injunctive relief and damages. (*Id.* at 4-5).

On January 18, 2010, Stephens Media LLC and Righthaven entered into a Strategic

Alliance Agreement ("SAA"), which generally governed the relationship between the two parties with regard to the assignment of copyrights originally owned by Stephens Media. (SAA (#6-1) at 2-18). On May 9, 2011, Stephens Media and Righthaven executed an amendment to the SAA entitled Clarification and Amendment to Strategic Alliance Agreement ("Clarification") in order to clarify the parties' intention regarding copyright assignments to Righthaven. (Clarification (#6-2) at 2-6). On July 7, 2011, Stephens Media and Righthaven executed a second amendment to the SAA entitled Amended and Restated Strategic Alliance Agreement ("Restated Amendment") to further clarify the parties intentions, and to address issues identified in judicial decisions from this district. (Restated Amend. (#17-1) at 1-4).

## LEGAL STANDARD

To hear a case, a federal court must have subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The issue of standing is central to establishing subject matter jurisdiction. *Id*. at 560, 112 S.Ct. at 2136. Pursuant to Rule 12(b)(1), a defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir.2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). In a facial attack "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, "in a factual attack, the challenger disputes the truth

of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. A factual attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *Whitehorn v. F.C.C.*, 235 F.Supp.2d 1092, 1095-96 (D. Nev. 2002) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989)).

## DISCUSSION

Defendants file a motion to dismiss for lack of subject matter jurisdiction and specifically assert that Righthaven lacks standing to bring the lawsuit under the SAA and Clarification. (Mot. to Dismiss (#6) at 3-4, 6). In response, Righthaven argues that it has standing in light of the Clarification and Restated Amendment. (Resp. to Mot. to Dismiss (#13) at 3, 5, 7). In reply, Defendants argue that Righthaven also lacks standing under the Restated Amendment. (Reply to Mot. to Dismiss (#18) at 5).

Section 501(b) of the 1976 Copyright Act ("Act") establishes that only the owner or beneficial owner of an exclusive right under a copyright law is entitled, or has standing, to sue for infringement. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005); 17 U.S.C. § 501(b). Although exclusive rights may be transferred and owned separately, Section 106 of the Act defines and limits those exclusive rights under copyright law. *Silvers*, 402 F.3d at 884-85; 17 U.S.C. § 106. Accordingly, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights. *Silvers*, 402 F.3d at 884-85. Moreover, transfer solely of the right to sue does not confer standing on the assignee because the right to sue is not one of the exclusive rights. *Id*. at 890. One can only obtain a right to sue on a copyright if the party also obtains one of the exclusive rights in the copyright. *See id.*

Courts in this district have found that the SAA does not confer Righthaven standing to sue for copyright infringement because the SAA deprives Righthaven of any of the rights normally associated with ownership of an exclusive right and only leaves Righthaven the bare right to sue. *See Righthaven LLC v. Hoehn*, __ F.Supp.2d __, 2011 WL 2441020, *6 (D. Nev. 2011); *Righthaven LLC v. Newman*, 2011 WL 4762322, *2-3 (D. Nev. 2011); *Righthaven LLC v. Democratic Underground, LLC*, __ F.Supp.2d __, 2011 WL 2378186, *6 (D. Nev. 2011). As such, Righthaven does not bother to argue that the SAA confers it standing to sue.

3

Instead, Righthaven argues that the Clarification and Restated Amendment, both executed after the initiation of this lawsuit, confer standing to sue. However, neither of these two amendments create standing because "[t]he existence of federal jurisdiction ordinarily depends on the facts as *they exist when the complaint is filed*." *Lujan*, 504 U.S. at 570 n.4, 112 S.Ct. at 2142 n.4 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989)) (emphasis in *Lujan*).

Although a court may allow parties to amend defective allegations of jurisdiction, the parties are not permitted to amend the facts themselves. *Newman-Green*, 490 U.S. at 830-31, 109 S.Ct. at 2222. As such, the Court will not consider the amendments to the SAA, and will only consider the actual assignment and language of the SAA as it existed at the time the complaint was filed. Because the SAA does not confer standing to sue, as analyzed by the courts in this district, this Court grants the motion to dismiss for lack of subject-matter jurisdiction (#6). Additionally, the Court denies Righthaven's Motion for Leave to File an Amended Complaint (#16) because Righthaven seeks to add facts that did not exist at the time of filing, namely to allege standing under the Restated Amendment.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (#6) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File Amended Complaint (#16) is DENIED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 4th day of November, 2011.

_____
United States District Judge