SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>        Plaintiff,<br><br>v.<br><br>NEWSBLAZE LLC, a California limited liability company; and ALAN GRAY, an individual,<br><br>        Defendants. | Case No.: 2:11-cv-00720-RCJ-GWF<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST COUNSEL UNDER 28 U.S.C. § 1927** |

      Righthaven LLC ("Righthaven") hereby responds to Defendants NewsBlaze LLC and Alan Gray's (collectively "Defendants") Motion for Sanctions Against Counsel Under 28 U.S.C. § 1927 (Doc. # 23, the "Motion").

      This response is based on the below memorandum of points and authorities, the declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Despite Defendants attempt to sound contrite in for bringing the Motion, the factual content and disregard for applicable, controlling legal standards demonstrates an overwhelming zeal to tarnish the reputation of Righthaven's counsel at any cost.  While only the Defendants and their counsel know whether or not the Motion was brought as part of an effort to coerce Righthaven's counsel to withdraw from representation, it is readily apparent from the arguments and intentionally manipulated factual representations that the filing constitutes a blatant, unwarranted assault on the professional reputation of a member of the State Bar of Nevada that is so far afield of the bounds of zealous advocacy its content would be actionable if disseminated in any other forum other than pending litigation. Unfortunately, this is not the first time Defendants' counsel has personally and unprofessionally smeared the professional reputation of Righthaven's counsel and engaged in other uncivil communications:

1.     In opposing a motion for extension of time to file an opening brief before the United States Court of Appeals for the Ninth Circuit, which was necessitated by court clerk's innocent error in looking up the wrong briefing schedule for one of two appeals pending that involve identical parties but separate case numbers, J. Malcolm DeVoy IV (who also represents the Defendants in this action) made repeated references to this very motion, the intent to seek sanctions against counsel under 28 U.S.C. for filing a frivolous appeal under § 1927, and postured that Righthaven should "seek a malpractice claim against its counsel." (Mangano Decl. Ex. 1 at 8-9.)

2.     By e-mail letter dated November 7, 2011, Mr. DeVoy reiterated his belief that Righthaven's counsel has engaged in sanctionable conduct, but nevertheless agreed to withdraw the Motion in return for payment of $8,000.00 before 11:59 p.m. on November 11th. (*Id.* Ex. 2.)

3.      In a September 28, 2011 letter, Marc J. Randazza (of the same law firm representing the Defendants) threated to "seek fees against you personally if the proceedings become the quagmire that you created in Nevada." (Mangano Decl. Ex. 3 at 2.)

4.      In a September 29, 2011 e-mail, Mr. Randazza threatened that if a an appeal bond was not posted in an action to secure the payment of attorneys' fees and costs yet to be awarded in an action his firm would be "putting a boot up your ass for wasting our time and whining about it." (*Id.* Ex. 4.)

5.      Mr. Randazza's September 29, 2011 e-mail additionally included the crass, unprofessional, backhanded compliment that counsel was not "this much of a shitforbrains." (*Id.*)

6.      Even the instant Motion contains the threat by Defendants' counsel to seek sanctions against Righthaven's counsel in yet another matter ***if the company's representations that it cannot post an appellate bond*** prove to be untrue. (Doc. # 23 at 14 n.7, which threatens to seek sanctions in connection with the *Righthaven LLC v. Hoehn* matter).

Against this backdrop, even someone untrained in the legal profession would question the sincerity of Defendants' counsel's statements that the Motion represents "a somber and unenviable undertaking, one sought only as a matter of last resort . . . ." In fact, the Motion is wholly consistent with the Randazza Legal Group's scorched Earth, anti-Righthaven litigation tactics that have now apparently focused on tarnishing the professional reputation through potentially litigation privilege protected and publicly available court filings.

One fact is true – the Defendants' Motion is an extraordinarily unusual filing. Few licensed attorneys within this jurisdiction would seek sanctions against opposing counsel under any circumstances absent patently abusive, bad faith conduct. This assertion is undoubtedly supported by the number of times, if any, this Court has been asked to rule on a request for sanctions against counsel under 28 U.S.C. § 1927 ("Section 1927"). The unusual nature of the

Defendants' Motion could possibly be justified under appropriate circumstances.  This however is not the case. Rather, the Defendants' Motion is replete with references to other cases, other decisions and inaccurate factual statements outside of this case that have absolutely no applicability under a Section 1927 analysis. Defendants have resorted to littering their Motion with such inflammatory, baseless and irrelevant content with utter disregard for the legal standards applicable under Section 1927 in order to besmirch counsel's professional reputation while concurrently attempting to jaundice the Court's analysis.  Righthaven and its counsel trust that such unprofessional and unnecessary tactics will not dupe the Court into issuing relief that is clearly unwarranted.

## II.    APPLICABLE STANDARDS UNDER SECTION 1927

Sanctions under Section 1927 require "an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith." *United States v. Austin,* 749 F.2d 1407, 1408 (9th Cir. 1985).  "Section 1927 provides the mechanism for sanctioning conduct that occurs after commencing a case." *MGIC Indem. Corp. v. Moore,* 952 F.2d 1120, 1122 (9th Cir. 1991). "Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' *it applies only to unnecessary filings and tactics once a lawsuit has begun.*" *In re Keegan Mgmt. Co. Sec. Litig.,* 78 F.3d 431, 435 (9th Cir. 1995) (emphasis added). Sanctions under Section 1927 *cannot be based upon conduct before another court*. *GRiD Sys. Corp. v. John Fluke Mfg. Co., Inc.,* 41 F.3d 1318, 1319 (9th Cir. 1994); *accord Matter of Case,* 937 F.2d 1014, 1023 (5th Cir. 1991) ("The language of Sec. 1927 limits the court's sanction power to attorney's actions which multiply the proceedings in the case before the court. Section 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing Sec. 1927 sanctions.") "Section 1927 is construed strictly 'so that the legitimate zeal of an attorney representing [a] client is not dampened.'" *Id.* (citing *Browning v. Kramer,* 931 F.2d 340 (5th Cir. 1991)).

Application of the foregoing standards to the Motion demonstrates it is completely devoid of any merit. In fact, it appears that the Defendants completely ignored the fact that the Court's required inquiry under Section 1927 is to the conduct during the proceedings before it

4

when preparing their anti-Righthaven manifesto that attempts to besmirch the professional reputation of its counsel.

## III.    ARGUMENT

### A.    Defendants' Motion is Improperly Based on Circumstances Outside of This Case That Cannot Serve as Grounds for Sanctions Under Section 1927.

A readily apparent and fatal flaw that flows throughout Defendants' Motion is their systematic reliance on circumstances outside of this case to as a means to support an inference that these proceedings have been unreasonably and vexatiously multiplied through the actions of Righthaven's counsel. Defendants' tactic in has no place under a Section 1927 analysis. Rather, a proper Section 1927 analysis is confined to the conduct within this case. Defendants have apparently turned a deaf ear to this standard because it cannot be satisfied.

As noted above, "Section 1927 provides the mechanism *for sanctioning conduct that occurs after commencing a case.*" *MGIC Indem. Corp.,* 952 F.2d at 1122 (emphasis added). "Because the section authorizes sanctions only for the 'multipli[cation of] proceedigns,' *it applies only to unnecessary filings and tactics once a lawsuit has begun.*" *In re Keegan Mgmt. Co. Sec. Litig.,* 78 F.3d at 435 (emphasis added). Sanctions under Section 1927 *cannot be based upon conduct before another court*. *GRiD Sys. Corp., Inc.,* 41 F.3d at 1319; *accord Matter of Case,* 937 F.2d at 1023 ("The language of Sec. 1927 limits the court's sanction power to attorney's actions which multiply the proceedings in the case before the court. Section 1927 does not reach conduct that cannot be construed as part of the proceedings before the court issuing Sec. 1927 sanctions.")

Here, this case has been litigated in a rather routine manner. Righthaven filed and served its Complaint. (Doc. # 1.) Defendants responded by moving to dismiss. (Doc. # 6.) Righthaven opposed the Defendants' dismissal request and concurrently sought leave to amend to address certain alleged deficiencies relied upon for dismissal. (Doc. ## 13, 16.) The parties filed appropriate responses to the pending motions. (Doc. ## 18-19.) A brief hearing was subsequently held on the pending motions. (Doc. # 24.) Shortly after the hearing, the Court issued an Order granting the Defendants' request for dismissal for lack of subject matter jurisdiction. (Doc. # 25.)

This is the totality of the relevant procedural record for this case upon which the Court must base its Section 1927 analysis. The record is devoid of any unnecessary discovery motions or other filings brought about by Righthaven's counsel. The record is likewise devoid of any repetitive or unwarranted filings by Righthaven's counsel to which the Defendants were required to formally respond. In fact, this Motion is based on the alleged multiplication of proceedings that purportedly encompass the mere filing of *a reply brief in support of any already filed motion to dismiss, the filing of an opposition to a motion to amend, and attendance at a brief hearing in this matter.* (Doc. # 23 at 16.)  This record simply cannot support issuance of Section 1927 sanctions against counsel because it is devoid of absolutely no indicia of conduct done for the purpose of unreasonably and vexatiously multiplying these proceedings. Given these circumstances the Court is virtually compelled to summarily deny the Defendants' Motion.

Faced with the absence of conduct worthy of Section 1927 sanctions, the Defendants instead present the Court with a factually specious condemnation of Righthaven, its business model and the unfavorable results of numerous district court action with the clear intent of saddling Righthaven's counsel with the specter of bad faith. During the Defendants completely ignore the fact that virtually all of Righthaven's adverse decisions, both in this District and in the District of Colorado, involve issues of first impression that have been presented to either the Ninth Circuit or the Tenth Circuit for adjudication. Despite these circumstances, the Defendants apparently seek to impose a standard whereby a party must forfeit its asserted rights in all similarly situated pending litigation upon receipt of a contested, adverse ruling that it has appealed. The Defendants' desired standard is reflected with crystal clear clarity in their references to Righthaven's counsel's failure to voluntarily dismiss this action in view of adverse rulings in other cases. (Doc. # 23 at 4, 11.) According to Defendants, a party's refusal to immediately capitulate under such circumstances apparently results in sanctionable conduct against counsel for unreasonably and vexatiously multiplying the proceedings. This is simply not the law.

Likewise, the Defendants improperly attempt to interject bits and pieces from numerous cases that have absolutely no bearing on the Court's Section 1927 inquiry. *See In re Keegan*

6

*Mgmt. Co. Sec. Litig.,* 78 F.3d at 435; *GRiD Sys. Corp., Inc.,* 41 F.3d at 1319; *accord Matter of Case,* 937 F.2d at 1023. For instance, Defendants absurdly allude to Righthaven's counsel having engaged in bad faith by causing five cases to be appealed to the Ninth Circuit. (Doc. # 23 at 12.) In fact, the Defendants also refer to one pending appeal in which neither they nor their counsel are involved and that they have percipient knowledge of the proceedings to summarily proclaim that Righthaven, and apparently its counsel, are engaged in stall tactics. (*Id.*)

Similarly, Defendants reference the dismissal order in the *Democratic Underground* litigation and then misleadingly state "Hunt sanctioned Righthaven $5,000 for its conduct." (Doc. # 23 at 3:24.) Later in their submission, the Defendants characterize Judge Hunt's basis for sanctioning Righthaven as having been grounded in the company's misrepresentations, "bad faith, wasting of judicial resources, and needlessly increasing the cost of litigation." (*Id.* at 13:7-9.) Of course, Defendants completely fail to inform the Court that this sanction was issued as a result of failure to disclose Stephens Media was an interested party under Local Rule 7.1-1. (Mangano Decl. ¶ 12, Ex. 5.) Defendants compound their disingenuous factual representations by stating, "Had Judge Hunt imposed even the slightest sanction upon Righthaven's counsel of record, Righthaven's tempestuous behavior would have been curtailed." (Doc. # 23 at 3:28-4:2.) This statement is completely preposterous and is clearly designed to inflame the Court's consideration of this matter.

Righthaven's current counsel did not file the certificate of interested parties at issue in Judge Hunt's decision to sanction the company for violation of Local Rule 7.1-1. (Mangano Decl. ¶ 12, Ex. 5 at 8:25-9:2.) In fact, Righthaven's current counsel took painstaking efforts to file amended/corrected certificates of interested parties in all pending cases within this District and within the District of Colorado upon receipt of Judge Hunt's Order to Show Cause. (*Id.* Ex. 5 at 5:7-6:1-8.) Moreover, at the outset of the Order to Show Cause hearing, Judge Hunt expressly stated that he was not even considering sanctioning Righthaven's current counsel for the alleged local rule violation. (*Id.* Ex. 5 at 6:9-12, "Well, if it gives you any comfort, counsel, the Court is not holding you responsible for the failure – you, personally, responsible for the failure.") Defendants' factual recitation and related statements of opinion stretch the permissible bounds of

advocacy in view of the mandates of Federal Rule of Civil Procedure 11 to uncharted territories – particularly where the relief sought is the imposition of personal sanctions against opposing counsel.  Righthaven and its counsel reiterate, such baseless allegations have no place in any filing within this District.  They are also wholly irrelevant under a Section 1927 analysis because they do not relate to the proceedings before this Court.

In sum, the record before the Court is completely devoid of any circumstances upon which Righthaven's counsel could be sanctioned under Section 1927 for unreasonably and vexatiously multiplying these proceedings. A complaint was filed that was responded to with a motion to dismiss.  The motion to dismiss was opposed and a motion to amend was filed. A hearing was held and a decision was issued. That is the sum of the proceedings in this action. Given this record, the Defendants' Motion, which their counsel drafted and filed, stands as an unfortunate example of advocacy at its lowest level in this jurisdiction cloaked under the guise of zealousness.  While Righthaven and its counsel maintain the Motion must be denied, even in the face of such a result the ramifications of Defendants' unfounded professional assault against counsel may unjustifiably linger for a considerable time.

**B.      Defendants' Assertion that Righthaven Should be Collaterally Estopped is a Blatant Misstatement of the Law Made in an Attempt to Fabricate Wrongful Conduct by Counsel.**

In an attempt to fabricate wrongful conduct by Righthaven's counsel by apparently maintaining this case, the Defendants assert that other adverse subject matter jurisdiction determinations compelled this dismissal of this action through the application of collateral estoppel or issue preclusion.  Defendants assert absolutely no case law applying the doctrine of collateral estoppel/issue preclusion in support of their argument.  The reason for this is omission is clear – Defendants' assertion constitutes a blatant misstatement of the law of which the Defendants' counsel is well aware since they participated in *Righthaven LLC v. Pahrump Life,* No. 2:10-cv-01575-JCM-PAL ("*Pahrump Life*") as *amicus* counsel in which this issue was extensively briefed. (*Pahrump Life*, Doc. # 62.)

The Ninth Circuit has clearly delineated the elements of collateral estoppel/issue preclusion:

> The doctrine of collateral estoppel (or issue preclusion) "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir. 1995). A prior federal court decision has preclusive effect where
>
>> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party a the first proceeding.

*Kourtis v. Cameron,* 419 F.3d 989, 994 (9th Cir. 2005) (citing *Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir. 2000)); *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001); *W. Radio Servs. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997).  The Defendants' misguided issue preclusion argument is fatally flawed because none of the judgments relied on from this District qualify as a decision on the merits.

Courts of appeal from a vast array of circuits, including the Ninth Circuit, have determined that a dismissal for lack of jurisdiction does not constitute an adjudication on the merits. *See Stalley v. Orlando Reg. Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164-65 (1st Cir. 2007) (entry of judgment for lack of subject matter jurisdiction failed to constitute a decision on the merits on copyright infringement allegations); *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir.2003) (stating that a dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense"); *Wages v. IRS,* 915 F.2d 1230, 1234 (9th Cir. 1990) ("A jurisdictional dismissal is not a judgment on the merits."); *GHK Exploration Co. v. Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1035 (9th Cir. 1985) (holding that a dismissal for lack of subject matter jurisdiction divests the court of the power to make judgments relating to the merits of the case); *see also* Fed. R. Civ. P. 41(b) (involuntary dismissal for lack of jurisdiction is not an adjudication on the merits).

Absent an adjudication on the merits involving identical issues and facts from this District, which has never existed during the pendency of this case, the Defendants simply cannot summarily rely on the doctrine of collateral estoppel to conclude that Righthaven's counsel was under any obligation to voluntarily dismiss this action or face Section 1927 sanctions for failing to do so. As noted earlier, Defendants' counsel is well aware of that the prior decisions from this District, which involve Stephens Media copyrighted content and are governed by the Strategic Alliance Agreement or its amended versions, during the time period in which they contend Righthaven's counsel should have voluntarily dismissed this action do not constitute an adjudication on the merits.  That is because the Defendants' counsel served as *amicus* counsel in *Pahrump Life* where this issue was thoroughly briefed and rejected by Judge Mahan.  It is completely disingenuous and a blatant misstatement of the law made without regard for Federal Rule of Civil Procedure 11 for Defendants to advance this record in support of Section 1927 sanctions.

**C.  The Amount of Sanctions Requested Demonstrates the Defendants Overwhelming and Unconscionable Zeal to Punish Counsel at any Cost and With no Meaningful Connection to any Willful, Intentional, Bath Faith or Reckless Conduct to Multiply These Proceedings.**

The amount of sanctions sought to be imposed under Section 1927 is further evidence of the overwhelming and unconscionable zeal with which Defendants, obviously goaded by their counsel, have sought to tarnish the professional integrity of Righthaven's counsel. In short, the requested sanctions bear no meaningful connection to any willful, intentional, bad faith or reckless conduct engaged in by Righthaven's counsel to multiply these proceedings. Accordingly, there is no credible basis upon which Section 1927 sanctions should be issued against Righthaven's counsel.

Section 1927 "only authorizes the taxing of excessive costs arising from any attorney's unreasonable and vexatious conduct; it does not authorize the imposition of sanctions in excess of costs reasonably incurred because of such conduct." *United States v. Blodgett,* 709 F.2d 608, 610-11 (9th Cir. 1983).  Here, Righthaven's counsel engaged in absolutely no unreasonable or vexatious conduct that resulted in the unnecessary multiplication of these proceedings.  Despite

this fact, the Defendants generously claim to limit their sanction request "to the smallest possible amount" - $11,925.50. (Doc. # 23 at 16.) In essence, this amount encompasses the alleged multiplication of proceedings that include *a reply brief in support of any already filed motion to dismiss, an opposition to a motion to amend, and attendance at a brief hearing in this matter.* (*Id.*) This is an absurd amount for such little effort.

   To begin with, in order to award sanctions for the time incurred in preparing these filings the Court would have to conclude that Righthaven's counsel's filing of an opposition to the motion to dismiss and his filing of a motion to amend constituted an intentional, willful, vexatious or reckless multiplication of the proceedings.  This is because the Defendants concede the allegedly improper and unnecessary multiplication of these proceedings only occurred after July 14, 2011. (*Id.* at 16:2-6.)  These facts demonstrate that this Motion *should never have been brought in view of the governing standards under Section 127, which are limited to the conduct before the Court – not conduct before other courts in connection with other proceedings.* See In re Keegan Mgmt. Co. Sec. Litig., 78 F.3d at 435; *GRiD Sys. Corp., Inc.,* 41 F.3d at 1319; *accord Matter of Case,* 937 F.2d at 1023. Despite this fact, the Defendants have freely embarked on a smear campaign against Righthaven's counsel's professional reputation that, in addition to the Motion, have resulted in their efforts being widely publicized in the Las Vegas Valley media.  Accordingly, while the Motion should be denied, significant, and avoidable, damage has already been done to Righthaven's counsel's professional reputation by seeking relief to which they are clearly not entitled.

   Moreover, the amount of sanctions requested based upon the alleged improper conduct of Righthaven's counsel since July 14, 2011 is clearly excessive and has been sought as punitive money grab by the Defendants and their counsel. Specifically, the Defendants seek $11,925.50 for the alleged multiplication of proceedings that include *a reply brief in support of any already filed motion to dismiss, an opposition to a motion to amend, and attendance at a brief hearing in this matter.* (Doc. # 23 at 16.) This amounts to almost $500 per page for drafting a 12-page reply brief in support of a motion to dismiss that Mr. DeVoy had previously researched and written in multiple other matters including – *Righthaven LLC v. Vote for the Worst* and

*Righthaven LLC v. Hoehn* – and for drafting a 13-page opposition to a motion to amend. These circumstances clearly demonstrate the excessive nature of the sanctions requested even if the Court were to assume that these filings were the result of these proceedings being unnecessarily multiplied by Righthaven's counsel, which they were not. Accordingly, Defendants' Motion for sanctions under Section 1927 should be denied.

## III.    CONCLUSION

Defendants' Motion is an unfocused, all encompassing indictment of Righthaven, its business model, the adverse decisions received by it, which is based on numerous factual misrepresentations and upon which each and every act is cast as a professional aspersion against the undersigned counsel's professional reputation. Each and every fact upon which the Defendants' rely to justify the issuance of sanctions has absolutely no place under a proper Section 1927 inquiry. As set forth above, the applicable inquiry is the conduct in the proceedings before this Court – not those before other courts in other proceedings. *See In re Keegan Mgmt. Co. Sec. Litig.,* 78 F.3d at 435; *GRiD Sys. Corp., Inc.,* 41 F.3d at 1319; *accord Matter of Case,* 937 F.2d at 1023. Defendants improperly rely on these other proceedings, and do so disingenuously, for the simple reason that no sanctionable conduct has been engaged in by Righthaven's counsel in this action. The procedural record following service of the Complaint supports this conclusion.

While the Defendants' counsel may take issue with the fact that Righthaven has failed to simply capitulate to their every litigation whim and forgone its right to appeal contested decisions to the Ninth Circuit and the Tenth Circuit for review, this is far from sanctionable conduct. If it were, then every case for which appellate review is sought would subject counsel for the party challenging a district court decision to sanctions under Section 1927 for intentionally multiplying the proceedings.

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendants' Motion. Righthaven and its counsel will leave it to the Court to address the propriety of the allegations advanced by Defendants and their counsel in its written decision on the Motion.

Dated this 11th day of November, 2011

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 11th day of November, 2011, I caused the foregoing document and supporting materials to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.

14